UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MONICA LEWIS Case No. 8:24- cv - 01935- TPB-CPT

Plaintiff

v.

KYLE EDWARD KING, PINELLAS

COUNTY DEPUTY SHERIFF, IN HIS

PERSONAL AND OFFICIAL CAPACITY

and

BOB GUALTIERI, IN HIS PERSONAL

AND OFFICIAL CAPACITY AS SHERIFF

OF PINELLAS COUNTY

Defendants

PLAINTIFF'S MOTION TO VACATE / SET ASIDE ORDER OF DISMISSAL

COMES NOW Plaintiff, and moves this court to vacate its dismissal of this case with prejudice, pursuant to Rule (60), Federal Rules of Civil Procedure, stating:

1. FRAUD BY OMMISSION OF EVIDENCE AND FRAUDULENT CONCEALMENT

FRAUDULENT CONCEALMENT

a. The court was advised that the defendants are withholding the camera view video of Kyle King as he rammed the plaintiff's vehicle. (The video on Kyle King while driving)
b. The videos being withheld are public record and have not been produced as requested by the PCSO FOIA REQUEST. (Please review email correspondence as evidence)
c. The unredacted dash cam video is also being withheld. This video will provide evidence by way of sound. (The police vehicle sped up and made a loud screeching sound before ramming the plaintiff's vehicle). Further verifying that this collision was not an accident, there was nothing that interrupted traffic and Kyle King drove blocks before ramming into the plaintiff's vehicle who was stopped behind a city bus in traffic on a clear day. This was not an accident.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

d. There would obviously be no reason to withhold evidence unless it is incriminating.
e. It is unlawful to withhold public records request under Freedom of Information Act. (The PCSO is withholding crucial evidence)
f. Speeding up before ramming someone's car is criminal and covering up the illegal actions is also criminal, and a violation of the Plaintiff's Constitutional Rights as outlined in the amended complaint.
g. The Plaintiff is up against the Blue Wall of Silence and Intense Corruption, these officials will not produce through FOIA public records request and ultimately the court Stayed Discovery without proper cause and misused the judicial system to seemingly further assist in this cover-up. There was no legal reason to STAY DISCOVEY. Especially since the court was advised of the cover up and fraudulent concealment of evidence.




h. The FOIA request dated 9/5/24 produced files that were not accessible, files did not download) and Discovery was blocked without just cause which stopped the plaintiff from obtaining the files as requested. These actions constitute fraud against the Plaintiff.
i. The videos shown below as released on 9/5/24 never downloaded and were not made available to the plaintiff thru discovery request either, the courts stayed on discovery which was procedural error and abuse of discretion.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PINELLAS COUNTY SHERIFF'S OFFICE
SHERIFF BOB GUALTIERI

☰ MENU

**Special note on Apple devices and certain browsers:**
It is imperative that you allow pop-ups for this site, your attachments can only be downloaded **twice**. By default Apple devices and some web browsers (such as Google Chrome) have the pop-up blocker enabled. Files attached to your request will open in a new window and will only do so if pop-ups are allowed in the device settings. Please allow pop-up's for this page to download your files. Apple devices do not provide a "pop-up blocked" message while this setting is enabled.

You can access your files from Apple devices by disabling the pop-up blocker setting by visiting Settings > Safari > turn off "Block Pop-ups" on your device. Once disabled, you can view attached files.

You can access your files from Google Chrome by adjusting the pop-up blocker setting by visiting Settings >Advanced > Content Settings > Pop-ups > and allowing this site via the Add button.

View File(s) | View Message(s)

| | |
|---|---|
| **Request Type:** | Public Records Request |
| **Contact E-Mail:** | HORIZONNEAR@GMAIL.COM |
| **Reference No:** | P132694-081524 |
| **Status:** | Full Release |

| | UPLOAD DATE | | DOWNLOAD ALL |
|---|---|---|---|
| Files: | 09/05/2024 | Deputy_King_In-Car.mp4 | |
| | 09/05/2024 | Deputy_King_Dash.mp4 | |
| | 09/05/2024 | Deputy_King_BWC.mp4 | |
| | 09/05/2024 | Deputy_Hughes_Dash.mp4 | |
| | 09/05/2024 | Deputy_Hughes_BWC.mp4 | |

| | |
|---|---|
| **Requestor Type:** | Citizen |

Powered by GovQA

j. Attached below are some of the correspondence between the PCSO concerning the nonreceipt of public the records requested although the file says completed and released as of 9/5/24.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PINELLAS COUNTY SHERIFF'S OFFICE**

09/23/2024
RE: PUBLIC RECORDS REQUEST of August 15, 2024, Reference # P132694-081524.

Dear Monica Lewis,

The Pinellas County Sheriff's Office received a public records request from you on August 15, 2024. Your request mentioned:

"This was originally requested on 7/17/24 // I did not receive the videos requested// One video did not download at all and the other was still redacted concerning sound//

A FOIA request. I am requesting the camera view to show inside the
vehicle Kyle Edward King was driving on 5/13/22. I want the camera view that shows him operating the vehicle when he crashed.
I would like the unredacted dash cam video with all sound."

In response to your request, the Pinellas County Sheriff's Office completed a search of our records and there are potential items responsive to your public records request. Your request has taken in excess of fifteen minutes, as such, the cost for these records is as follows:

Fees Charged:

CD/DVD: $3.00
(0.00 hours @$36.95/hour)

Total: $3.00

**Please clarify what video(s) you are requesting on a CD.**

2. RESPONSE TO THE ANAYLSIS BY JUDGE TOM BARBER CONCERING DISMISSAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

a. The Amended Complaint is not a shotgun complaint and does adhere to the Federal Rules of Civil Procedure Rule 10.
b. The Relation Back Doctrine allows new claims or parties to be treated as if they were included in the original filing date.
c. Judge Barber stated on his order that the Monell liability was far from being met which is incorrect because the elements are:

   a. An unconstitutional policy, procedure, or practice
   b. A violation of a federal right
   c. The policy or custom led to the violation of rights
   d. The victim suffered physical, emotional harm

d. The Plaintiff has evidence of a cover up which is a typical example of the Blue Wall of Silence. This is an informal code of conduct among police officers that prevents them from reporting their colleagues' misconduct, errors or crimes. Police Officers not willing to tell on another officer affect accountability and shields them from consequences, many times. Including falsified police reports. Hence Monell liability is established because this is a known custom and or adopted policy.
e. The facts of the complaint are listed from number 6-17 of the amended complaint.
f. Legal sufficiency was met on the amended complaint and evidence is available. True evidence will support this claim. (Most of the evidence was already uploaded to Civil Circuit CASE NO: #23-003005-019 CI There is enough evidence to proceed with this case. Enough to convince a reasonable mind about the truth of the claim with evidence.
g. There was never a hearing, testimony taken, cross examination, discovery process as outlined as the process in the Federal Rules of Civil Procedure.
h. Judge Barber has decided that the claims of the amended complaint are false while at the same time Staying Discovery which overwhelming evidence is available to support all the claims made in this lawsuit.
i. It is easy to rationalize that ramming someone's vehicle with the intent to injure them, falsifying the police report, withholding documents, not releasing FOIA documents requested from the Sheriff Department are all elements of 14th Amendment Constitutional Violations.
j. It is unfortunate that Judge Barber has taken side with the defendants in this case against the evidence that has been provided and being withheld.
k. Judge Barber has made an opinion that based on redacted dash cam video he has judged this collision to be an accident although the court has been advised that there is a cover up with records being withheld.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

l. This decision brings into question the ability for Judge Barber to impartially review the elements of this case and also follow the law as outlined in the Federal Rules of Civil Procedure.
m. The Judicial Code of Conduct Canon 2 (a) Respect for the LAW. A judge should respect and comply with the law and should act at all times in the manner that promotes public confidence in the integrity and impartiality of the judiciary.
n. Despite the Judge being required to stay impartial and follow the law, Judge Barber has sided with Sheriff Gualtieri and deputy Kyle King and stated on his analysis that Plaintiff's allegations are demonstrably false. It is unfortunate that Judge Barber has taken this position with no evidence to support his claim, while also blocking the Plaintiff from obtaining evidence thru Discovery as the law allows. This comment is biased and unfounded.
o. The Plaintiff fully disagrees with the conclusion of Judge Tom Barber especially since fraudulent concealment is an issue.

All claims made by the Plaintiff have supporting evidence and Judge Barber should not be allowed block discovery in favor of shielding the Sheriff and Deputy Sheriff and impede this lawsuit from proceeding.

In Monroe v. Pape, 365 U.S. 167, 180 (1961), the Court held that acts performed by a police officer in his capacity as a police officer, even if illegal or not authorized by state law, are acts taken 'under color of' law. As the Supreme Court stated in United States v. Classic, 313 U.S. 299, 326 (1941), "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken `under color of' state law."

RELIEF SOUGHT

WHEREFORE, Plaintiff seeks relief from this court by vacating the dismissal order and proceeding with this case.

The Plaintiff, Monica Lewis, was denied any opportunity whatsoever to raise and assert her constitutional rights and defenses to any allegations in court. There is apparent fraud by omission and a misrepresentation of facts. The denial of Discovery was an overreach of the law as laid out in RULE (26). This court denied the Plaintiff of an evidentiary hearing and Stayed Discovery in error.

Thus, the dismissal order should be vacated because of fraud by concealment, fraud by ommission and misrepresentation of events.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

I MONICA LEWIS, AFFIRM UNDER THE PENALTY OF PERJURY, THAT THE FOREGOING FACTS ARE TRUE, CORRECT AND COMPLETE, SO HELP ME GOD.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 9, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will serve the foregoing Anne F. McDonough Senior Associate Counsel Florida Bar No. 084471 Pinellas County Sheriff's Office 10750 Ulmerton Rd Largo, FL 33778 Tel: (727) 582-6274 Fax: (727) 582-6459 amcdonough@pcsonet.com

RESPECTFULLY SUBMITTED,

Monica Lewis / Pro Se

275 Kingfish Dr Se

Saint Petersburg, FL